UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SHAWN DEMETRIS BRAGG ROSS,

                Plaintiff,

v.

UNKNOWN MILLER et al.,

                Defendants.

_____/

Case No. 2:22-cv-94

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment motions.[1] (ECF No. 12.)

Plaintiff's complaint was initially dismissed for failure to state a claim on August 8, 2022. (ECF Nos. 14 & 15.) On September 6, 2022, Plaintiff filed a timely motion to alter or amend judgment under Rule 59(e). (ECF No. 16.) The Court granted Plaintiff's motion on September 30, 2022, and allowed Plaintiff to amend his complaint. (ECF No. 17.) The matter is currently before the Court for an initial review of Plaintiff's amended complaint. (ECF No. 18.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v.*

---

[1] (*See* Op., ECF No. 14, PageID.75–77.)

*Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Fourth Amendment claims and his Fourteenth Amendment substantive due process claims for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claims, his Eighth Amendment claims, and his state law claims against Defendants will remain in the case.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Acting Sergeant Unknown Miller, Lieutenant Unknown Watson, Sergeant Unknown Montie, and Registered Nurse Nelson Duncan.

Plaintiff alleges that on March 8, 2021, as he was entering the chow hall, he was called to the officer's desk by Defendants Miller, Watson, and Montie and was told he needed to stop filing grievances or he would regret it. While Defendants Watson and Montie were present, Defendant Miller told Plaintiff that he could not wait to tase Plaintiff and inflict the kind of pain that Plaintiff was causing his co-workers with grievances and complaints. Plaintiff asked Defendants Watson and Montie if they were going to let Defendant Miller threaten him, and they stated that they would support their officers regardless of the actions they took.

Plaintiff went and got his tray, and sat down and began to eat. While Plaintiff was eating, a fight broke out between two inmates on the other side of the chow hall, some distance away from Plaintiff. The fight was immediately contained by other officers in the chow hall. However, despite

the fact that the fight had been contained, Defendant Miller came up behind Plaintiff and tased him in the back while he was eating. Plaintiff lost consciousness and his muscles locked up while Defendant Miller continued to tase him. When Defendant Miller stopped squeezing the taser, Defendant Watson pulled the taser prongs from Plaintiff's back, which violated protocol and policy because the prongs are supposed to be removed by a health care professional who can ensure that no further damage occurs.

After the incident, Defendants Miller, Watson, and Montie told Plaintiff that his being tased was just the beginning of his problems and if he continued to write grievances, the remainder of his time at URF would be "hell." (ECF No. 18, PageID.118.) Defendants said that if Plaintiff wrote another grievance or complaint, they would take Plaintiff to the hole and would not let him out unless he promised not to file any further grievances. Defendant Watson and Montie stated that they had been killing inmates at URF for a long time and that no one could do anything to them. Then Defendants Watson and Montie threatened to take Plaintiff immediately to the hole and keep him there unless he promised never to file another grievance. Plaintiff complied in order to get medical attention for his injuries.

Plaintiff was taken to health care, where he was seen by Defendant Duncan, who told Plaintiff that he did not need any medical treatment. Defendant Duncan stated that he had a custom of not providing treatment to inmates who liked filing complaints and grievances, and that if more inmates got tased, it would make them think twice before filing grievances on staff. Defendant Duncan then called Defendant Watson and asked Defendant Watson if he wanted Plaintiff to receive medical treatment or if Defendant Duncan should chart that Plaintiff had refused to be seen and just send Plaintiff back to the unit. Plaintiff told Defendant Duncan that he was dizzy, disoriented, had blurry vision, and was in severe pain, but Defendant Duncan responded by stating

that he was not going to do anything for Plaintiff and if Plaintiff did not leave, he would have Plaintiff put in the hole and tased.

Plaintiff asserts that Defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments, as well as under state law. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Eighth Amendment

#### 1.     Excessive Force

Plaintiff asserts that Defendant Miller intentionally assaulted him with a taser in violation of the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim that Defendant Miller used excessive force must be analyzed in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated

in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37–39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953–54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

In this case, Plaintiff contends that Defendant Miller tased him without any penological justification, and that the use of force was wanton and unnecessary. The Court concludes that Plaintiff has alleged sufficient facts to support an Eighth Amendment excessive force claim against Defendant Miller.

## 2. Failure to Protect

Plaintiff alleges that Defendants Watson and Montie failed to protect him from being assaulted by Defendant Miller despite being aware of Defendant Miller's intention to tase Plaintiff. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish

6

liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

In this case, Plaintiff alleges that Defendants were present when Defendant Miller told Plaintiff that he could not wait to tase him immediately prior to the actual incident. Defendants Watson and Montie then responded to Plaintiff's request for help by stating that they would support their officers regardless of the actions taken. A short time later, Plaintiff was tased by Defendant Miller without provocation. Plaintiff suggests that Defendants Watson and Montie were present when Defendant Miller deployed his taser. (*See* ECF No. 18, PageID.117–18 (stating that "while Plaintiff was being tased . . . Defendant[s] Watson and Montie and Miller threatened [Plaintiff] again [with] physical violence . . .").) Based on the foregoing allegations, at this stage of the proceedings, the Court concludes that Plaintiff has alleged sufficient facts to support an Eighth Amendment failure to protect claim against Defendants Watson and Montie.

### 3. Denial of medical care

Plaintiff asserts that Defendants Watson and Duncan violated his Eighth Amendment rights when they deprived him of necessary medical care. The Eighth Amendment obligates prison

authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Plaintiff states that immediately following the tasing, Defendant Watson pulled the taser prongs from Plaintiff's back, which violated protocol and policy because the prongs are supposed to be removed by a health care professional who can ensure that no further damage occurs. Plaintiff suffered from dizziness, disorientation, and blurry vision, and was in severe pain. Plaintiff sought medical assistance, but Defendant Duncan told Plaintiff that he did not need any medical treatment. Defendant Duncan stated that he had a custom of not providing treatment to inmates who liked filing complaints and grievances, and that if more inmates got tased, it would make them think twice before filing grievances on staff. Defendant Duncan then called Defendant Watson in Plaintiff's presence and asked Defendant Watson if he wanted Plaintiff to receive medical treatment or if Defendant Duncan should chart that Plaintiff had refused to be seen and just send Plaintiff back to the unit. Following the phone call, Defendant Duncan stated that he was not going to do anything for Plaintiff and if Plaintiff did not return to his unit, he would have Plaintiff put in the hole and tased.

At this stage in the proceedings, the Court concludes that Plaintiff has sufficiently stated Eighth Amendment claims against Defendants Duncan and Watson for denying Plaintiff medical care following the tasing incident.

### B.        First Amendment Retaliation

Plaintiff asserts that each of the named Defendants retaliated against him for his use of the grievance procedure. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:(1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). In his amended complaint, Plaintiff merely alleges that Defendants targeted him because of his generalized use of the grievance procedure. Viewed in the light most favorable to Plaintiff, the Court assumes that at least some of Plaintiff's grievances were nonfrivolous.

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).

As noted above, Plaintiff alleges that Defendant Miller told him that he was going to tase him because he wanted to punish Plaintiff for filing grievances and that Defendants Watson and Montie were present and heard Defendant Miller's statement but refused to protect Plaintiff from Defendant Miller. Plaintiff also alleges specific facts supporting his assertion that Defendants Duncan and Watson denied him medical care after he was tased solely because of his use of the grievance system. The Court concludes that Plaintiff has alleged sufficient allegations to state a retaliation claim against each of the named Defendants.

### C.     Fourteenth Amendment Substantive Due Process

Plaintiff also asserts a violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these

claims.'"*Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there are specific constitutional amendments that apply to Plaintiff's claims. For example, the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his excessive force, failure to protect, and denial of medical treatment claims. *See Graham*, 490 U.S. at 394 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (rejecting a substantive due process claim where the Eighth Amendment supplies a textual source for prison-condition claims); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (discussing that because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Similarly, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's retaliation claims. Thus, the standard applicable to that source, the First Amendment right to be free from retaliation, and not the more generalized notion of substantive due process should be applied. *Graham*, 490 U.S. at 395; *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First Amendment standard is the sole source of substantive protection); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (A "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim."). Consequently, Plaintiff's substantive due process claim will be dismissed.

11

### D.    Fourth Amendment

Plaintiff contends that the excessive use of force and failure to protect him from it violated his rights under the Fourth Amendment. However, since Plaintiff is a convicted prisoner, he may not assert such a Fourth Amendment excessive force claim. *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992).

### E.    State law claims

Finally, Plaintiff claims that Defendants violated his state law rights. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

However, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court will exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d

719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, because Plaintiff continues to have federal claims pending in this case, the balance of the relevant considerations weighs toward the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will not be dismissed at this stage in the proceedings.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourth Amendment and Fourteenth Amendment substantive due process claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claims, his Eighth Amendment claims, and his state law claims against Defendants remain in the case.

An order consistent with this opinion will be entered.


Dated:   December 1, 2022                                    /s/ *Maarten Vermaat*

                                                            Maarten Vermaat
                                                            United States Magistrate Judge